**FILED**
FEB 2 4 2017
9:00 AM
LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CIVIL DIVISION

ELLEN MAYS AND
ROBERT MAYS, SR.                                                          PLAINTIFFS

V.                           47BCV-2017-40    (DR)

DOLGENCORP, LLC D/B/A
DOLLAR GENERAL                                                             DEFENDANT

## COMPLAINT

COME NOW the Plaintiffs, Ellen Mays and Robert Mays, Sr., by and through their attorneys, Ford & Cook, PLC, for their *Complaint*, state:

### I.   JURISDICTION

1. Plaintiffs are adult residents of Blytheville, Mississippi County, Arkansas.

2. Defendant is Foreign Limited Liability Company with its primary place of business located in Goodlettsville, Tennessee.

3. The allegations herein occurred exclusively in Gosnell, Mississippi County, Arkansas.

4. Subject matter and personal jurisdiction are proper under Ark. Code Ann. § 16-13-201 and § 16-4-101, respectively. Venue is proper under A.C.A. § 16-60-112.

### II.   FACTS

5. Plaintiffs incorporate all previous paragraphs herein, as though stated word for word and paragraph for paragraph.

6. On or about January 20, 2016, Ellen Mays (hereinafter "Mrs. Mays") went to the Dollar General (hereinafter "the store"), located at 119 Bevill Ave., in Gosnell, Arkansas, with her husband, Robert Mays, Sr. (hereinafter "Mr. Mays").

7. Mr. Mays waited in the truck while his wife entered the store.

8. Upon entering the store, Mrs. Mays began shopping. As she made her way through the aisles, she reached up to pick up a small item off a shelf. As she continued shopping, she fell over a pile of large bags of dog food stacked in the floor, leaning up against the bottom shelf.

9. Mrs. Mays was immediately in pain.

10. The manager of the store on duty at the time insisted that Mrs. Mays be transported to Great River Medical Center by ambulance for treatment of her injuries.

11. Mrs. Mays later learned that she had suffered a torn rotator cuff and would require extensive treatments for her injuries.

12. Defendant failed to warn Mrs. Mays in any way of the presence of the dangerous conditions in the store and allowed her to walk throughout the store without restraint.

13. Defendant failed to post any visible warnings regarding the dangerous conditions in the store, or prohibit customer access to this area of the premises.

### III. NEGLIGENCE

14. Plaintiffs incorporate all previous paragraphs herein, as though stated word-for-word.

15. Separate Plaintiff, Ellen Mays, was an invitee of the Defendant, as she went upon the Defendant's premises for a purpose connected with the owner's business. Defendant therefore owed a duty to use reasonable care to maintain the premises in a reasonably safe condition and to warn of any dangerous or defective condition.

16. The Defendant breached said duty by:

    a. Failing to use ordinary care to keep the premises in a reasonably safe condition;

    b. In so doing, creating or in the alternative having present a dangerous

condition created by the obstructed aisle, and then failing to warn Mrs. Mays; and

    c.    Through this neglect, causing injury to Mrs. Mays.

17.    This was both the direct and proximate cause of Mrs. Mays' injuries.

18.    Mrs. Mays did in fact sustain severe injuries as outlined above.

### IV.    DAMAGES

19.    As a result of the Defendant's negligent conduct, the Plaintiff sustained injuries requiring extensive medical treatment.

20.    Solely as a result of the injuries sustained in this incident, Plaintiff, Ellen Mays, has incurred damages including:

    a. Medical expenses;

    b. She has and will likely for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

    c. She has and will likely for an indefinite time in the future be deprived of the ordinary pleasure of life and loss of well-being; and

    d. Her overall health, strength, and vitality has been greatly impaired.

21.    In addition, the Separate Plaintiff, Robert Mays, Sr., has suffered damages from the loss of services, society, companionship, and the marriage relationship to Mrs. Mays.

22.    Said damages are in excess of the amount necessary to invoke federal jurisdiction.

23.    Plaintiffs demand a trial by jury in this matter.

WHEREFORE, the Plaintiffs demand judgment against Defendant for an amount in excess of that required to invoke federal diversity jurisdiction and as to be set by a jury; for their costs and attorney fees; and for all other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Ford & Cook, PLC
404 S. Main St.| Jonesboro, AR 72401
(870) 935-5400| (870) 935-7154 (fax)

*By* /s/

Bryce D. Cook| ABN 2009237
Paul N. Ford| ABN 87060
bryce@protectingusall.com
paul@protectingusall.com

*Attorneys for Plaintiff*