IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ELLEN MAYS AND
ROBERT MAYS, SR.                                                    PLAINTIFFS

V.                              3:17-CV-62-DPM

DOLGENCORP, LLC D/B/A
DOLLAR GENERAL                                                      DEFENDANT

## CONFIDENTIALITY ORDER

With the parties' agreement, and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders:

1. For purposes of this Confidentiality Order, "Confidential Documents" shall include any documents that a Party or its counsel designates as confidential based upon a good-faith belief that the designation is appropriate because the documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature. Any documents produced by a non-Party in this Action, pursuant to subpoena or otherwise, may be designated by such non-Party or by any Party or counsel for any Party as "Confidential Documents" under the terms of this Confidentiality Order. Confidential Documents may include information of whatever kind, including but not limited to written information and information otherwise recorded on any medium, including without limitation paper, photographs, recordings, and electronic, optical, and magnetic disks and files.

2. For purposes of this Confidentiality Order, "Confidential Information" shall include any information provided in disclosures, in response to a written discovery request, or in response to a deposition question that a Party or its counsel designates as confidential based upon a good-faith belief that the designation is appropriate because of the proprietary or confidential

business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information.

3. At the time a Party or non-Party produces documents in this Action, the Party or non-Party producing the documents (the "Producing Party") may designate any such documents as Confidential Documents by stamping on each page of such documents the word "CONFIDENTIAL."

4. At the time a Party responds to a written discovery request, the Party producing information may designate such information as Confidential Information by stating in writing in response to the written discovery request that the information is Confidential Information and by indicating on the first page of the written discovery responses that the document contains Confidential Information.

5. In the case of deposition testimony, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as "CONFIDENTIAL" and may be used only in accordance with such designation under this Protective Order.

6. If any Party receiving Confidential Documents or Confidential Information (the "Receiving Party") believes that such documents or information are not entitled to the protections set forth in this Confidentiality Order, the Receiving Party shall, within three weeks of receiving such documents or information, indicate to the Producing Party, in writing, the specific documents or information that the Receiving Party believes falls outside of the protections set forth in this Confidentiality Order ("Identified Documents or Information") and state in writing the rationale

for the removal of such Identified Documents or Information from the protections set forth in this Confidentiality Order.

7. If the Producing Party objects, in writing, to the Receiving Party's written notice that the Identified Documents or Information falls outside of the protections set forth in this Confidentiality Order, such objection shall be made within three weeks of receiving such written notice, or the claim of confidentiality shall be waived. If such objection is made in writing, it shall state the rationale for maintaining the Identified Documents or Information under the protections set forth in this Confidentiality Order. If the Receiving Party desires to challenge the claim of confidentiality, then the parties must attempt in good faith to resolve the issue. Counsel should meet and confer in person. If they can't resolve the dispute, then they must file a joint report pursuant to the Final Scheduling Order, № 8 at 3.

8. Neither the service of the written notice described in paragraph 6 nor the service of the written objection or filing of a discovery dispute described in paragraph 7 shall remove the Identified Documents or Information from the protections set forth in this Confidentiality Order. Until the Parties resolve the dispute among themselves, the Producing Party waives the claim of confidentiality, or the Court resolves the dispute, the Identified Documents or Information shall retain the protections set forth in this Confidentiality Order.

9. The Parties agree that Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties, witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action. To the extent any Confidential Documents or Confidential Information are provided to non-Party witnesses, consultants, or expert witnesses, each non-Party witness, consultant, or expert witness shall agree in writing, in the form attached to this Confidentiality Order as Exhibit

A, before receiving any Confidential Documents or Confidential Information, that he (a) shall be bound by the terms of this Confidentiality Order and (b) shall return all Confidential Documents and Confidential Information upon conclusion of the Action. Nothing in this Confidentiality Order prevents any Party from disclosing Confidential Documents and Confidential Information to the Court, its staff, and court reporters at deposition or trial, subject to such protections as the Court may order with respect to the treatment of Confidential Documents and Confidential Information at trial. Nothing in this Confidentiality Order restricts what a Producing Party may do with Confidential Documents or Confidential Information it produces.

10. Confidential Documents and Confidential Information will not be filed on the public docket. If practicable, it shall be redacted. FED. R. CIV. P. 5.2. If redaction is impracticable, a party must move for permission to file under seal any confidential information and related motion, brief, exhibit, or paper containing that material. The moving party must justify its sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

11. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. If Confidential Documents or Confidential Information are inadvertently produced without the appropriate designation of confidentiality, the Receiving Party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced.

12. The Parties and all persons subject to the provisions of this Confidentiality Order agree to use Confidential Documents and Confidential Information solely and exclusively for

purposes of preparing for, conducting, and participating in the Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever.

13. The Parties' agreement to produce Confidential Documents and Confidential Information pursuant to this Confidentiality Order shall not be deemed an agreement that such information and documents (1) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information or (2) are relevant to any matter at issue in the Action. Each Party reserves the right to object to, and to seek an appropriate order limiting, any use that any other Party may seek to make of such Confidential Documents or Confidential Information either in discovery or at the trial of the Action.

14. The Parties agree that no copies of Confidential Documents or Confidential Information will be made except as necessary for the purposes of this Action. If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use Confidential Documents or Confidential Information in any court filing, then any Confidential Documents and Confidential Information, and any information obtained from those sources, shall be filed under seal, if not prohibited by law.

15. Within 60 days after the conclusion of the Action, including any appeal, all Confidential Documents and Confidential Information and all copies, extracts, summaries, and facsimiles thereof and all electronically, optically, or magnetically stored information of any kind, including without limitation diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents"), containing Confidential Documents or Confidential Information shall, by the Receiving Party, be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media. In the event that any Confidential Information or Confidential Documents are stored in a format

that is not reasonably accessible to the Receiving Party for the sole purpose of assisting the Receiving Party in the event of a natural disaster or other catastrophic data loss ("Disaster Recovery Data"), the Disaster Recover Data may be maintained for up to 18 months after the conclusion of the Action as part of the Receiving Party's disaster recovery plan. Additionally, upon request, a sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information (other than Disaster Recovery Data) has been retained shall be executed by each Party and by counsel for each Party and delivered to all Parties within 60 days after the conclusion of the Action, including any appeal. The Parties agree that nothing in this Confidentiality Order is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine.

16. Because a violation of this Confidentiality Order by a Receiving Party could cause irreparable injury to the Producing Party, and there is no adequate remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a Receiving Party from any violation of this Confidentiality Order.

17. This Confidentiality Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

18. Any individual or entity that becomes a party to this Action and has not subscribed to this Confidentiality Order as of the time it is presented to the Court for approval and entry may thereafter become a party to this Confidentiality Order by having its counsel sign and date a copy of this Confidentiality Order and filing it with the Court and serving such signed copy upon the other Parties to this Confidentiality Order.

19. This Confidentiality Order is applicable to the Parties for the sole purpose of facilitating discovery in the Action. This Confidentiality Order and the confidentiality

designations made pursuant to this Confidentiality Order may not be used in any manner, directly or indirectly, as evidence at trial or any hearing or referred to at trial or any hearing in this Action, save and except for a hearing that involves issues related to the enforcement of any provision of this Confidentiality Order.

20. This Court hereby retains and shall have continuing jurisdiction for one year after the conclusion of this Action, including any appeal, over the parties and signatories affected by this Confidentiality Order. Thereafter, the obligations imposed shall continue but they shall be solely a matter of contract between the parties and signatories.

21. This Confidentiality Order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing signed by counsel of record for each Party and adopted by Order of this Court.

IT IS SO ORDERED this *18th* day of *April*, 2018.

*DPMarshall Jr.*
HONORABLE D.P. MARSHALL JR.

APPROVED AND ENTRY REQUESTED BY:

Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
(501) 379-1700
jbrooks@qgtlaw.com

By: /s/ Justice J. Brooks, I
    Justice J. Brooks, I, Bar I.D. #2014177

*Attorneys for Dolgencorp, LLC*

and

Ford & Cook, PLC
404 W. Main Street
Jonesboro, AR 72401
(870) 935-5400
bryce@protectingusall.com
paul@protectingusall.com

By: /s/ Bryce D. Cook
    Bryce D. Cook Bar I.D. #2009237
    Paul N. Ford Bar I.D. #87060

*Attorneys for Ellen Mays and Robert Mays, Sr.*